```
            IN THE UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GREGORY JEFFRIES,                        )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )
                                         )
THE CITY OF CHICAGO and                  )
UNKNOWN CHICAGO POLICE OFFICERS          )
and SERGEANTS,                           )
                                         )
            Defendants.                  )    JURY TRIAL DEMANDED
```

**COMPLAINT**

Plaintiff, GREGORY JEFFRIES, by his attorneys, LOEVY & LOEVY, complains of Defendants, the CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS and SERGEANTS (collectively, "Defendant Officers") and states as follows:

**Jurisdiction and Venue**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

**Background**

4.  Plaintiff, Gregory Jeffries, is a 19-year-old college freshman and a native of Chicago.

5.  On or about October 11, 2010, Mr. Jeffries accompanied friends to purchase food at a take-out restaurant at 79th Street and Vincennes.

6.  As Plaintiff and his friends exited the restaurant, numerous Chicago police cars pulled into the restaurant's parking lot, and officers got out of the cars.

7.  A Defendant Officer grabbed Plaintiff, told him to put his hands on a car, then handcuffed and searched Plaintiff.

8.  Plaintiff asked this officer why he was doing this.

9.  Instead of explaining his actions, the Defendant hit Plaintiff in his chest, and then continued to apply pressure with his fist while saying words to the effect of, "you got any more questions?"

10. Another Defendant Officer approached and asked Plaintiff where he lived. When Plaintiff replied, the officer knocked Plaintiff's hat off his head and used a series of slurs against him.

11. Another Defendant, who appeared to be a sergeant, walked over to Plaintiff and said words to the effect of "you think this is your 'hood?"

2

12. This Defendant then struck Plaintiff numerous times in his face, causing swelling, bruising and bleeding.

13. The Defendant sergeant committed these physically abusive acts while Plaintiff's hands were cuffed behind his back.

14. As a result of the violence, Plaintiff began to spit blood onto the ground.

15. Numerous Defendant Officers stood around and watched this abuse. Despite the fact that Plaintiff was handcuffed and being injured, none of the Defendants came to Plaintiff's aid.

16. While Plaintiff was enduring Defendants' abuse, he saw one of the Defendant Officers abuse his friend as well. The officers hit his friend's head against a brick wall, choked him, and punched him in the ribs.

17. Next, another Defendant Officer pushed Plaintiff into a police car while he was still handcuffed, causing Plaintiff to fall.

18. No Defendant procured medical attention for Plaintiff or his friend, despite the objective and obvious need for it. Instead, Defendant Officers drove Plaintiff and his friend to a police station.

19. During the drive, Plaintiff asked the Defendant Officers for the name of the sergeant who had bloodied his face. The Defendants refused to respond.

20. At the station, officers put Plaintiff in a cell instead of tending to his injuries.

21. At the station, Plaintiff again asked multiple Defendant Officers to give him the name of the sergeant who had struck him repeatedly in the face while handcuffed. The officers all refused to give the sergeant's name.

22. One of the Defendant Officers mockingly asked Plaintiff if he wanted to see the sergeant, and when Plaintiff answered affirmatively, the officer responded with words to the effect of: "you must want to get hit again."

23. Plaintiff was detained in a cell for approximately three hours.

24. When Plaintiff's mother arrived at the station, she also asked the officers there to give her the name of the sergeant who hit her son. The officers refused.

25. The Defendant Officers falsely charged Plaintiff with criminal trespass to land, forcing Plaintiff to hire a lawyer to defend himself.

26. At Plaintiff's December 2010 court date on the charge, the false criminal charge was dismissed.

27. In the fall of 2010, Chicago news outlets reported that the Superintendent of the Chicago Police Department suspended multiple officers as a result of the incident.

4

28. Upon information and belief, the Superintendent had seen a video documenting the Defendants' excessive force against Plaintiff, along with the other Defendants' failure to intervene.

29. The Superintendent also announced to the press that he had stripped a sergeant and multiple other officers of their police powers, due to an investigation into the "extremely serious" allegations of potential "brutality."

30. Plaintiff made a formal complaint about Defendants to the Independent Police Review Authority ("IPRA"). Upon information and belief, IPRA – like the Superintendent – has the video documenting the abuse of Plaintiff. However, the agency has not allowed Mr. Jeffries himself to watch the video.

31. Months after the incident, IPRA has not informed Plaintiff of any investigatory findings, despite the fact that IPRA possesses the video evidence of what happened at the scene.

32. Not having gained any redress or meaningful information from IPRA or the Chicago Police Department, Mr. Jeffries brings this suit.

### Count I -- 42 U.S.C. § 1983
### Excessive Force

33. Each Paragraph of this Complaint is incorporated herein.

5

34. As described above, the conduct of one or more of the individual Defendants constituted excessive force in violation of the United States Constitution.

35. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

36. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. Specifically, as a matter of both policy and practice, the City and IPRA facilitate the type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct - including by delaying investigations into allegations of misconduct - thereby leading Chicago Police Officers to believe their actions will never be

scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

  c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the City and IPRA make findings of wrongdoing in a disproportionately small number of cases;

  d. City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department.  Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

  e. The City of Chicago has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

  38. As a result of the individual Defendants' unjustified and excessive use of force and the policy and practices of the City, Plaintiff has suffered pain and injury, including emotional distress.

**Count II -- 42 U.S.C. § 1983**
**False Arrest/Unlawful Detention**

39. Each Paragraph of this Complaint is incorporated herein.

40. As described more fully above, one or more of the individual Defendants unlawfully detained and falsely arrested Plaintiff without justification and without probable cause.

41. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

42. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

43. As a result of the unjustified violation of Plaintiff's rights by the individual Defendants, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

**Count III -- 42 U.S.C. § 1983**
**Failure to Intervene**

44. Each Paragraph of this Complaint is incorporated herein.

45. As described more fully above, one or more of the individual Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined, but failed to do so.

46. Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

47. As a result of individual Defendants' failure to intervene, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count IV -- 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights

48. Each Paragraph of this Complaint is incorporated herein.

49. As described more fully above, there was an agreement between the individual Defendants and other unknown co-conspirators to deprive Plaintiffs of their constitutional rights.

50. Specifically, the Defendants conspired by concerted action to accomplish an unlawful purpose by an unlawful means. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

51. The conspiring Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

52. As a result of individual Defendants' conspiracy, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count V -- 42 U.S.C. § 1983
### Denial of Medical Attention

53. Each Paragraph of this Complaint is incorporated herein.

54. As described more fully above, the individual Defendants denied Plaintiff necessary medical attention.

55. In this manner, the conduct of the individual Defendants was objectively unreasonable and they were deliberately indifferent to Plaintiff's serious medical needs.

56. Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

57. As a result of this unjustified violation of Plaintiff's rights by the individual Defendants, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count VI- State Law Claim
### Malicious Prosecution

58. Each Paragraph of this Complaint is incorporated herein.

10

59. As described more fully above, one or more of the individual Defendants commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendants knew there was no probable cause, and the criminal proceeding terminated in Plaintiffs' favor in a manner indicative of innocence.

60. The Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

61. As a result of individual Defendants' malicious prosecution, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count VII -- State Law Claim
### Assault and Battery

62. Each Paragraph of this Complaint is incorporated herein.

63. As described in the preceding paragraphs, the conduct of one or more of the individual Defendants, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

64. The actions of the individual Defendants were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights and to the rights of others.

65. As a result of the offensive touching, undertaken pursuant to the City's policy and practice as described above, Plaintiff sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

### Count VIII –- State Law Claim
### False Imprisonment

66. Each Paragraph of this Complaint is incorporated herein.

67. Plaintiff was imprisoned, and thereby had his liberty to move about unlawfully restrained, despite individual Defendants' knowledge that there was no probable cause for doing so.

68. The actions of the individual Defendants were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights and to the rights of others.

69. As a result of this wrongful infringement of Plaintiff's rights, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count IX -- State Law Claim
### Respondeat Superior

70. Each Paragraph of this Complaint is incorporated herein.

71. In committing the acts alleged in the preceding paragraphs, the individual Defendants were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

72. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT X –- State Law Claim
### Indemnification

73. Each Paragraph of this Complaint is incorporated herein.

74. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

75. The individual Defendants are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described above.

13

WHEREFORE, GREGORY JEFFRIES respectfully requests that this Court enter judgment in his favor and against Defendants, the CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS and SERGEANTS, awarding compensatory damages and attorneys' fees, along with punitive damages against the UNKNOWN CHICAGO POLICE OFFICERS and SERGEANTS in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

GREGORY JEFFRIES hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

S/ Samantha Liskow
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900